IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY GINNS, #209807,        ) | |
| )  | |
| Plaintiff,        ) | |
| ) | |
| v.                                                       ) | CASE NO. 2:17-CV-861-WKW |
| )  | (WO) |
| ) | |
| ANGIE BAGGETT, et al.,       ) | |
| ) | |
| Defendants.       ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Bobby Ginns challenging his classification as a restricted offender.  Doc. 1 at 3.  Ginns seeks only injunctive relief in the form of removal restrictive offender status.  Doc. 1 at 4.  The defendants have not yet filed a response to the complaint.

On March 22, 2018, the plaintiff filed a motion to dismiss this case without prejudice. Doc. 17.  In this motion, the plaintiff advises that he "has recently been made aware that the 'R' suffix has been removed from the Plaintiff's files.  The 'R' suffix was the whole reason for the filing of this Complaint.  The 'R' suffice removal was done after the Lawsuit had been filed."  Doc. 17 at 1 (paragraph numbering omitted).

### II.  DISCUSSION

Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S.

244, 246 (1971). An actual controversy must exist at all times during the pendency of a case. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In cases where the only relief requested is injunctive in nature, events which occur subsequent to the filing of the complaint can render the matter moot. *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

    Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "Put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where . . . interim relief or events have eradicated the effects of the alleged violation."); *Powell v.*

*McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

When actions occur subsequent to the filing of a lawsuit whereby the plaintiff obtains the requested relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). In such instances, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction [over the merits of a complaint]."). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S.at 48, 90 S.Ct. at 201-02.

Ginns advises he has received the relief requested from this court in that the defendants have determined he is not subject to classification as a restricted offender and have removed him from restricted offender status. Doc. 17 at 1. The court finds that there is no reasonable expectation or demonstrated probability that Ginns will return to this custody classification during his present term of confinement. Under the circumstances of this case, the request for injunctive relief, the only relief sought by Ginns, is moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that past exposure to potential illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

3

Under the circumstances of this case, the court concludes that the motion to dismiss filed by Ginns is due to be granted and this case dismissed without prejudice as moot. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986) (holding that dismissal without prejudice at the insistence of the plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of this court and, absent some plain legal prejudice to the defendants, denial of the dismissal constitutes an abuse of this court's discretion).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's motion to dismiss be GRANTED.

2.  This case be DISMISSED without prejudice as moot.

3.  No costs be taxed herein.

The parties may file objections to this Recommendation on or before **April 12, 2018**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of March, 2018.

                /s/     Wallace Capel, Jr.
        CHIEF UNITED STATES MAGISTRATE JUDGE